UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TIMOTHY BAKER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No.  3:25-CV-444-DCLC-DCP |
| SHERIFF JAMES BERRONG and CAPTAIN KEITH GREGORY, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff, a Blount County Detention Center inmate, filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of the alleged taking of money from his inmate account in 2016 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons below, Plaintiff's motion to for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and this action will be **DISMISSED**.

**I.  FILING FEE**

It is apparent from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] and the inmate trust account documents Plaintiff filed with the complaint [Doc. 1 p. 16–19] that he cannot pay the filing fee in a lump sum. His motion [Doc. 4] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate account; or (b) twenty percent (20%) of the average monthly balance in his inmate account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). The custodian is then directed to

submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the month before), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate accounts at the institution where Plaintiff is now confined.  This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     COMPLAINT SCREENING

### A.     Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief.  *Id.* at 681.  Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim.  *Twombly*, 550 U.S. at 570.  But courts

2

liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

B. Allegations

Plaintiff claims that on June 19, 2016, he had $330 in his inmate trust account in the Blount County Justice Center [Doc. 1 p. 2]. But on July 20, 2016, someone from the Blount County Justice Center printed a debit card for $287.29, which left a balance of $42.71 [*Id.*]. Then, later on that same day, someone charged Plaintiff a "debit card release fee" of $5 [*Id.*]. Plaintiff then received a deposit of $76.05, resulting in a balance of $113.76 [*Id.*]. Unspecified individuals told Plaintiff that money was released when he went to prison, but Plaintiff states that if that was true, he would have had a balance of zero, but he instead had a balance of $42. 71 for about three years [*Id.*].

Plaintiff therefore "seeks to recover the $287.29 that someone took plus interest" [*Id.*]. Plaintiff also asserts that fraudulent concealment of facts tolls the statute of limitations before requesting a federal investigation, stating that he has suffered various injuries due to the alleged taking of his money, and requesting damages from each Defendant [*Id.* at 4–7]. With his complaint, Plaintiff filed, among other things, copies of inmate requests about this issue [*Id.* at 13–14] and a copy of his inmate account statement [*Id.* at 16–19].

C. Analysis

First, it is apparent from the face of Plaintiff's complaint that his claims are time-barred, as Plaintiff states that the alleged taking of his money underlying his complaint occurred in 2016 [*Id.* at 1], which is about nine years before he filed his complaint on August 27, 2025 [*Id.* at 8].

3

District courts apply state statutes of limitations § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Tennessee applies a one-year statute of limitations to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3). Federal law governs when the statute begins to run. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury supporting the claim is discoverable, *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action is complete, *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule is that the limitations period starts "when the plaintiff has a complete and present cause of action") (citation omitted).

Plaintiff's complaint does not state when he discovered the alleged 2016 taking of his money. But even if the Court assumes that Plaintiff only learned of the alleged 2016 taking of his money within the year before this action was filed, his claims arising out of that taking would still be untimely, as nothing in the complaint suggests that Plaintiff could not have discovered the alleged taking in 2016, as it was documented in his inmate account record [*Id.* at 17].

Moreover, while Plaintiff cites a Tennessee case noting that a defendant's fraudulent concealment of facts can toll the statute of limitations [*Id.* at 4 (citing *Vance v. Schulder*, 547 S.W. 2d 927, 930 (Tenn. 1977)], Plaintiff provides no facts from which the Court can plausibly infer that either Defendant knew of, much less fraudulently concealed, the alleged 2016 taking of Plaintiff's money. Thus, the Court cannot plausibly infer that any fraudulent concealment tolled the statute of limitations for Plaintiff's claims. *LaChapelle v. Tual*, No. W2024-01234-COA-R3-CV, 2025 WL 2017256, at *10–11 (Tenn. Ct. App. July 18, 2025) (setting forth the relevant

4

considerations for tolling a statute of limitations due to fraudulent concealment under Tennessee law). Thus, Plaintiff's claims are time-barred, and he has set forth no reason for the Court to toll the statute of limitations.

Additionally, even if Plaintiff's claims were not time-barred, they are subject to dismissal. First, to the extent that Plaintiff sued Defendants in their official capacities, this is the equivalent of suing Blount County. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). As a municipality, Blount County may only be liable under § 1983 if its official custom or policy caused a violation of Plaintiff's constitutional rights. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694–95 (1978). A plaintiff may show "an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). To be actionable under § 1983, a municipal custom or policy—whether implicit or explicit—must be "so widespread as to have the force of law[,]" as characterized by the "persistent practices of state officials." *Gregory v. Shelby Cnty.*, 220 F.3d 433, 442 (6th Cir. 2000); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167 (1970).

Nothing in Plaintiff's complaint allows the Court to plausibly infer that (1) money was taken from Plaintiff's account by an illegal custom or policy of Blount County; (2) a Blount County official ratified similar illegal actions; (3) a policy of inadequate training or supervision caused the taking of Plaintiff's money; or (4) a municipal custom of tolerating similar violations.

Moreover, as Plaintiff does not provide facts from which the Court can plausibly infer that either named Defendant was personally involved in taking his money, the complaint likewise fails

5

to state a plausible claim for violation of § 1983 as to either Defendant in his individual capacity. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*").

Accordingly, Plaintiff's complaint fails to state a plausible claim for relief under § 1983 against either Defendant, and it will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Even liberally construing the complaint for Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

5. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

s/Clifton L. Corker
United States District Judge